No. 22,804.

### MRS. E. W. McMILLEN, *Appellee,* v. H. I. ELLIS, etc., *Appellant.*

#### SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT—*Election by Employer to Come Under Provisions of the Act—Liability.* An employer of labor engaged in building work who employs less than five laborers in that work a part of the time, and more than that number the remainder of the time, and who, in writing filed in the office of the secretary of state, elects to come under the provisions of the workmen's compensation law, is liable thereunder for injury to a workman in his employ.

Appeal from Sedgwick district court, division No. 1; RICH-ARD E. BIRD, judge. Opinion filed October 9, 1920. Affirmed.

*T: A. Noftzger, George W. Cox,* both of Wichita, *Adrian F. Sherman, Thad B. Landon,* and *E. H. Henning,* all of Kansas City, Mo., for the appellant.

*C. A. Matson,* and *I. H. Stearns,* both of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment against him under the workmen's compensation act. The action was tried without a jury, and the court made special findings of fact as follows:

"1. On the 18th day of March, 1919, E. W. McMillan, while in the employ of the defendant in Wichita, Sedgwick county, Kansas, received a personal injury, by accident, arising out of and in the course of his employment, from the effect of which injury he died on or about the 20th day of March, 1919, leaving the plaintiff, his widow, as his sole dependent.

"2. At the time of his death and at the time of his injury, E. W. McMillan was receiving from the defendant, wages at the rate of five ($5) dollars per day, and his average yearly earnings at that time were more than thirteen hundred ($1300) dollars.

"3. On the day of the injury and the day previous to the injury, the defendant had in his employ more than five (5) workmen, and the defendant did not have five (5) workmen in his employ at any other time during the month immediately preceding the accident.

"4. The defendant was at the time of the accident, and had been for several years before the accident, engaged in the contracting and building business in Wichita and elsewhere in the state of Kansas. During the summer months while the defendant was actively carrying on his business, he had a large number of men in his employ. During the season of 1918, he had more than fifty (50) men in his employ in Wichita, Sedgwick county, Kansas, continuously for several months. During a short time in the winter the defendant was unable to carry on his business actively, and on that account, suspended operations and at times did not have any workmen employed and at other times had a small number. At the time of the accident, he was just beginning active operations for the season of 1919 and had just begun to employ his usual number of men for active operations during the building season.

"5. On the 5th day of April, 1913, the defendant filed in the office of the secretary of state, at Topeka, Kansas, a paper which reads as follows:

WICHITA, KANSAS, Apr. 4, 1913.

*"Mr. Charles Sessions, Sec. of State, Topeka, Kansas:*

"DEAR SIR: I am an employer of labor, doing business under the name of the H. I. Ellis Construction Company, general contractors, and this is to inform you that I elect under the law not to come under the 'Workmen's Compensation Act' of 1911, as amended by the law of 1913.

"Please make whatever necessary records, if necessary, or if you have blanks for this purpose, send same to me at once.

"Yours very truly,          H. I. ELLIS CONST. Co.,

HIE-AMR.                    Per H. I. ELLIS, *Pres. & Mgr.*

"6. On May 29, 1918, the defendant filed in the office of the secretary of state a paper which reads as follows:

"KD-5147

"State of Kansas, Sedgwick County, ss.

"Election of employer to come within the provisions of Article 6, Chapter 61, General Statutes of 1915, as amended by Chapter 226, Session Laws of 1917. Rescinding former election. To the Secretary of State:

"You are hereby notified that H. I. Ellis Construction Company hereby elects to come under the provision of Article 6, Chapter 61, General Statutes of 1915, being an act entitled 'An act to provide compensation for workmen injured in certain hazardous industries,' as amended by Chapter 226, Session Laws of 1917; that said H. I. Ellis Construction Company is an employer of labor and is engaged in the business of general building contractor, city of Wichita, and in the county or counties of all counties in the state of Kansas.         H. I. ELLIS CONS'T CO.,
                                                    By H. I. ELLIS.

"Attest: F. E. PARR. Dated this 27th day of May, 1918."

On those findings the court made conclusions of law as follows:

"1. As the defendant was, during the season of 1918 for months continuously as herein before found, engaged in the building work with more than five (5) workmen in his employ, both the defendant and the workman, E. W. McMillan, were under the Compensation Law of the state of Kansas, being chapter 218 of the Laws of 1911, entitled 'An act to provide compensation for workmen injured in certain hazardous industries,' as amended by chapter 216 of the Laws of 1913 and chapter 226 of the Laws of 1917. The fact that the defendant had in the winter of 1918 and 1919 temporarily suspended active operations in his building work did not remove him and his business from the operation of the Workmen's Compensation Law, and when he begun building work in the spring of 1919, he was and has been since the building season 1918 under the compensation law, and during all of said time the said law was applicable to him and his employes.

"2. The paper filed by the defendant in the office of the Secretary of State on the 29th day of May, 1918, was and constitutes as a matter of law an election to come under the terms of the compensation law and operate his business under said law without regard to the number of workmen which he employed at any particular time.

"3. The plaintiff is entitled to recover from the defendant by reason of the 'Workmen's Compensation Law' of the state of Kansas on account of the death of her husband, the sum of thirty-eight hundred ($3800.00) dollars, with interest thereon at the rate of six per cent per annum from March 18, 1919, together with the cost of this action."

But one proposition is argued, and that is that the defendant did not come within the terms of the workmen's compensation

act—neither by reason of the number of persons employed by him, nor by reason of the election filed by him on May 29, 1918. The workmen's compensation law then applied to building work, and provided that the act "shall only apply to employers by whom five or more workmen have been (employed) continuously for more than one month at the time of the accident: *Provided, however,* That employers having less than five workmen may elect to come within the provisions of this act in which case his employees shall be included herein, as hereinafter provided." (Gen. Stat. 1915, § 5902.) It is not necessary to examine further than to ascertain whether the defendant had elected to come under the provisions of the act. By his communication to the secretary of state and by his filing that communication in the office of the secretary of state the defendant formally and regularly elected to come under the provisions of the law and is conclusively bound by that election.

An ingenious argument is made that,

"The last provision of Sec. 5902 with regard to employers having less than five workmen can have no application to this case, for the reason that the court found that the defendant when pursuing his business and on the date of the accident, had more than five workmen in his employ, and that during the summer months while defendant was actively carrying on his business, and during the season of 1918, defendant had more than fifty men in his employ continuously for several months, and that during the winter, defendant was unable to carry on business, and suspended operations, and at times, did not have any workmen employed, and at other times, a small number."

This argument is not convincing and cannot be followed for the reason that section 1 of chapter 226 of the Laws of 1917 provides that:

"Employers whose work, trade, or business is not such as described and included in this section of this act, and employers commencing or renewing in this state any work, trade or business, may elect to come within the provisions of this act by filing with the secretary of state a written statement of election to accept thereunder, and such election shall be effective when so filed."

This statute was strictly complied with by the defendant; he elected to come under the workmen's compensation act whether he had less than five employees or more than that number, and he cannot now be heard to say that the act did not apply to him.

The judgment is affirmed.